**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DONALD MOORE,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**CUMBERLAND COUNTY SUPERIOR COURT, et al.,**<br><br>**Respondent.** | **Civil Action No. 25-14181 (RK)**<br><br>**MEMORANDUM & ORDER** |

*Pro se* Petitioner Donald Moore seeks to bring a habeas petition pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. (ECF No. 1.) Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons explained herein, the Court declines to exercise pretrial habeas jurisdiction and dismisses the Petition without prejudice.

Petitioner is a state pretrial detainee who is incarcerated at Hudson Country Correctional Center and is challenging charges arising from an incident in Cumberland County on November 11, 2024. The Cumberland County Department of Corrections website indicate that Petitioner has numerous pending charges arising from that incident well as more recent charges arising

from an incident on August 27, 2026.[1] In his filings, Petitioner also refers to additional charges from Salem County, which were dropped in 2025 and reinstated, resulting in a detainer. (ECF No. 2-1 at 2.) Plaintiff appears to contend that prosecutors in Cumberland and Salem County are attempting to negotiate a global plea to the various charges. (*Id.* at 3.) The Petition raises pretrial habeas claims for unlawful search and seizure, due process and speedy trial violations, and ineffective assistance of counsel (ECF No. 1, Petition at 6-8) and seeks dismissal of the pending charges or a remand to municipal court. (*Id.* at 9.)

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" and the premature litigation of constitutional defenses in federal court. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46).

In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held that

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication <u>and</u> has exhausted state remedies.

---

[1] *See* Cumberland County Department of Corrections, available at http://inmates.bluhorse.com/Default.aspx?ID=CUMB (last visited November 2, 2026).

*Moore*, 515 F.2d at 443 (citations omitted and emphasis added).

Petitioner does not meet this standard. He has not exhausted his state court remedies for any of the claims in his pretrial habeas. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Id.* 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). "The state courts are equally responsible for 'protecting the accused in the enjoyment of his [federal] constitutional rights,' and 'comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance.'" *Williams v. New Jersey*, No. 16-3195, 2017 WL 680296, at *2 (D.N.J. Feb. 21, 2017) (quoting *Moore*, 515 F.2d at 442-43 (alteration and omission in original)). Moreover, Petitioner has not shown that extraordinary circumstances require this Court's intervention. In *Duran*, 393 F. App'x at 5, the Third Circuit reaffirmed "that there was nothing in the nature of the speedy trial right to qualify it as a per se extraordinary circumstance that warranted dispensing with the exhaustion requirement." *Id.* (citing *Moore*, 515 F.2d at 446). Similarly an allegedly unlawful arrest or search incident to arrest do not automatically qualify for pre-exhaustion habeas corpus relief. *See id.* (citing *State v. Dolly*, 255 N.J. Super. 278, 605 A.2d 238, 242 (1991) (discussing when search of defendant's person is valid as incident to arrest); *State v. Sessions*, 172 N.J. Super. 558, 412 A.2d 1325, 1331 (1980) (same)). Petitioner also asserts that his attorney is providing ineffective assistance of counsel, but this claim is likewise premature. *See Raza v. Taylor*, No. 23-3750 (KMW), 2023 WL 8751564, at *2 (D.N.J. Dec. 18, 2023) (rejecting ineffective assistance of counsel claims as an attempt "to prematurely litigate his various constitutional challenges and defenses in this Court before concluding his criminal proceedings before the state courts"). Finally, the fact that

Petitioner does not wish to enter a global plea to the charges he is facing in more than one county is not a basis for pre-trial habeas relief.

Because Petitioner has not exhausted his claims in state court, has not alleged any extraordinary circumstances, and appears to be detained on charges in addition to those about which he complains, the Court declines to exercise pre-trial habeas jurisdiction and dismisses the Petition without prejudice.

**THEREFORE**, it is on this 3rd day of November 2026,

**ORDERED** that the Court declines to exercise pretrial habeas jurisdiction and the Petition is dismissed WITHOUT PREJUDICE under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner by regular U.S. mail and CLOSE this case accordingly.

ROBERT KIRSCH
United States District Judge